UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STABLEDATA SYSTEMS, LLC, | : | Civil Action No. 14-0450 (FLW)(DEA) |
| | : | |
| Plaintiff, | : | **ORDER** |
| | : | |
| v. | : | |
| | : | |
| VORTALSOFT, INC., | : | |
| | : | |
| Defendant / Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STAFF-IT-NOW, | : | |
| | : | |
| Third Party Defendant / Fourth Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PTS CONSULTING, INC., | : | |
| | : | |
| Fourth Party Defendant. | : | |

**THIS MATTER** having been opened to the Court by Kerrie Restieri Heslin, Esq., and Jennifer M. Levanchy, Esq., on behalf of Fourth Party Defendant PTS Consulting, Inc. ("PTS") (improperly identified as a third-party defendant), on a Motion seeking dismissal of the Fourth Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6); it appearing that Third Party Defendant/Fourth Party Plaintiff Staff-It-Now ("Staff-It-Now"), through its counsel, Robert M. Adams, Esq., and Defendant/Third Party Plaintiff VortalSoft, Inc., through its counsel, Henry M. Price, Esq., oppose the motion. The Court finds:

1. PTS is a New York corporation with its principal place of business in New York. In or about September 2009, PTS contracted with Bridgewater Associates, Inc. ("Bridgewater"),

a Connecticut investment firm, to provide IT and infrastructure consulting services in connection with setting up a trading floor at Bridgewater's facility in Westport, Connecticut ("Project").

2. PTS subcontracted work for the Project to Staff-It-Now, who in turn sub-contracted to VortalSoft, a New Jersey company, who ultimately subcontracted work to Plaintiff StableData Systems, LLC ("StableData"), a Georgia limited liability company.

3. On January 17, 2014, StableData filed suit in this Court against VortalSoft, based on diversity jurisdiction, seeking remittance for unpaid bills for work on the Project in the amount of $53,481.66, along with $45,303.17 of reimbursable expenses. Thereafter, VortalSoft filed a third-party complaint against Staff-It-Now, who, in turn, filed a fourth-party complaint against PTS. Bridgewater is not a party to this action.

4. On April 18, 2016, PTS filed the instant motion to dismiss.

5. On June 29, 2016, the Court held a conference call with the parties to discuss the status of this matter and the pending motion to dismiss, in which Dennison Marzocco, Esq. appeared on behalf of StableData, Mr. Price appeared on behalf of VortalSoft, Mr. Adams appeared on behalf of Staff-It-Now, and Ms. Heslin appeared on behalf of PTS.

6. Jurisdiction over a foreign defendant is based on two categories of contacts with the forum state: general and specific. *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014). General jurisdiction applies where a foreign defendant's contacts with the forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 749 (internal citations omitted). Specific jurisdiction, on the other hand, applies when the suit at issue arises out of the foreign defendant's contacts with the forum state. *Id.* at 754. Additionally, a court may exercise general jurisdiction over a foreign defendant that consents to such jurisdiction.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) ("personal jurisdiction requirement is a waivable right").

7. General jurisdiction refers to a court's power to "hear any and all claims" against an out-of-state defendant when its "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG*, 134 S. Ct. at 751; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). For a corporation the "paradig[m] . . . bases for general jurisdiction" are its place of incorporation and principal place of business. *Daimler AG*, 134 S. Ct. at 760 (citation omitted). In addition, it is also possible for a corporation that is neither incorporated in a state, nor having its principal place of business a state, to have affiliations with the state that are so "'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851).

8. In the absence of "continuous and systematic" contacts warranting the exercise of general jurisdiction, a plaintiff may rely on "specific jurisdiction" where the cause of action is related to, or arises out of, the defendant's contacts with the forum. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citing *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Proper establishment of specific jurisdiction under the Due Process Clause requires satisfaction of a three-part test. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007); *Oticon, Inc. v. Sebotek Hearing Sys., LLC*, 865 F. Supp. 2d 501, 510 (D.N.J. 2011). "First, the defendant must have 'purposefully directed [its] activities' at the forum. Second, the litigation must 'arise out of or relate to' at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with 'fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317 (citations omitted).

9. "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citations omitted). "If the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (quoting *Toys "R" Us*, 318 F.3d at 455). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Id.* (citing *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)); *see also Lasala v. Marfin Popular Bank Pub. Co.*, 410 F. Appx. 474, 478-79 (3d Cir. 2011). Whether to permit jurisdictional discovery is within the discretion of the district court. *See Toys "R" Us*, 318 F.3d at 455 (citations omitted).

10. PTS is a New York company, with its principle place of business in New York. The only contacts upon which the parties have attempted to base general personal jurisdiction over PTS are (1) PTS's statement on its website that it is a "global" company, (2) that PTS provides a client list for companies from around the world which maintain offices, or a "significant presence" in New Jersey, and (3) that PTS performed an unrelated project, which resulted in approximately $30,000 of fees, for Unity Bank, a New Jersey bank with branches only located in New Jersey. These contacts are not sufficiently "continuous and systematic" so as to render PTS "at home" in New Jersey, subjecting PTS to general jurisdiction in this state. Nor do these contacts "arise out of or relate to" the contract and sub-contracts at issue in this matter, and, therefore, do not support a finding of specific jurisdiction over PTS in this matter.

11.    Nor does this Court agree that VortalSoft and Staff-It-Now's speculation as to whether PTS performed work in New Jersey in the past warrants the denial of the motion to dismiss so that jurisdictional discovery may take place.

Accordingly, the Court having considered the parties' written submissions in connection with the motion pursuant to Federal Rule of Civil Procedure 78, and for the reasons stated by the Court on the conference call, and for good cause shown,

**IT IS** on this 29th day of June, 2016,

**ORDERED** that PTS's motion to dismiss [Dkt. No. 29] based upon a lack of personal jurisdiction is GRANTED.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge
